Clerk of U.S. District Court
U.S. Courthouse
P.O. Box 9344
Des Moines, IA. 50306-9344

Case # 4:16-cv-00518-REL

**RECEIVED**
APR 24 2017
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Using the information in the defendants motion for summary judgement, I am going to bring the courts attention to a few points that should help the Plantiff, Mr. Cejvanovic, with his requested motions to the courts.

II. The Defendants' Motion For Summary Judgement
  A. There are no disputed Facts.
  Page 5 #11. Defendants acknowledge the Plantiff
    Mr. Cejvanovic, has filed a number of grievances during the years housed at I.S.P. And that only two has been fully exhausted, every stage followed till the end decision with the Iowa Department of Corrections Central office.
  This same acknowledgement was also made in the Defendants' Statement of Undisputed Material Facts, Page 2 #12.
  Also, Affidavit of Dave Degrange
    Page 2 #8.

On three different occasions, the defendants admit to, Mr. Cejvanovic, the Plantiff, filing numerous grievances and only having two to be

Fully exhausted. This is easily explained. Mr. Cejuanovic doesn't fully understand what is required regarding the information needed at each step in the grievance process. So, he constantly tries to enlist the help of the very few inmates that he feels he is able to trust. And quite often there are not many, including staff, who will take the time to try to understand him enough to provide the help he requires.

As I, inmate Clay I. Thomas, am attempting to do now. I have done my best to explain all I have written, on his behalf, in this particular letter. I am not a "Jailhouse lawyer."

The Affidavit of Dr. Stephan Sparks

Dr. Stephan Sparks, upon being duly sworn, states as follows:

#14. Cejuanovic has been provided consistent and appropriate care to his hip injury by the U.I.H.C. and all care has been provided, directed by them.

#15. If there were questions with regard to his hip injury he would again be referred to U.I.H.C. for futher evaluation and treatment.

The type of injury suffered by the plantiff requires long term after care. And what is being done by the Defendants is completely inadequate. As stated in #15

Mr. Cejvanovic would again be referred to U.I.H.C. for any further issues with his hip injury, but thus far the Defendants have not followed through on this sworn statement as well as the after treatment. This proved solely by the information provided by the Defendants, as follows:

Department of Corrections Health Services Medical Referral, dated 5-27-16, in part claims that the Plantiff, Cejvanovic, would benefit from Depth Shoes given neuropathy and states that would benefit from cane to help with balance while ambulatory. The shoes were given but not the cane, despite Dr. Stephen Sparks sworn testimony, statements made #14 and #15. This medical reffaral is Denfedants exhibit 6. Then a Single Note Report from UIHC same date, 5-27-16, Author and Editor Michael C. Willey MD. mentions in his 'assessment and plan' #3 again says, would benefit from a cane for stability.

D.O.C. Health Services Physician Encounter dated 7-25-16 by Tobin Jacks MD. made a statement in the Administrative Note: He - meaning Mr. Cejvanovic - has asked about a cane in the past, but I - Dr. Jacks - am concerned about how a cane might be used as a weapon. Cleary this indicates that a cane was never issued. Again, despite Dr. Sparks sworn statement #14 and #15.

allowing U.I.H.C. to direct medical treatment for the hip injury. And it should be mentioned that Medical personnel does NOT have authority to set security standards/limits. And it also should be mentioned that there are numerous inmates all throughout the I.D.O.C. system who has canes. So, how is this an issue only with Mr. Cejvanovic?

    A D.O.C. Health Services Medical Referral dated 12-9-16 by Dr. Emily Conner of UIHC has written that a follow-up appointment is in 6 months. From that date 12-9-16. Assuming then a follow-up evaluation by the UIHC medical staff is due sometime within the next month or two. Some medical concerns might be addressed at the time of this follow-up evaluation. The plantiff Mr. Cejvanovic has concerns whether or not the defendants will allow him to attend this follow-up appointment. He has been verbally told by staff that he will not be going to U.I.H.C.. As an inmate of I.D.O.C., it is something of a rule of security not to tell inmates of specific time and dates that inmates will be in transport. Mr. Cejvanovic would like to know if the court would get the defendants to confirm or deny if this medical follow-up appointment is scheduled or not. He is not asking for specific time or date. The existence

of this appointment may have significant impact on this case. The Defendants cannot prove that the Plantiff Mr. Cejvanovic, has received adequate medical care for his hip injury, when medical care is still needed. But deliberate indifference can be proved if medical care is terminated short of Mr. Cejvanovics' needs for such a major injury.

It's understood that counsel was denied to Mr. Cejvanovic citing case: Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th cir. 2006) (The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present claims, and the complexity of the legal arguements.)

As pointed out in this letter with the inability to follow through on grievances and the fact that an interpreter had been given to Mr. Cejvanovic multiple times while at the hospital for his hip injury, and the fact that his prison I.D. card - worn at all times - is clearly marked with a blue square saying "needs interpreter non-english speaking, it is inconceivable that the

Defendants do not know of his - Mr. Cejvanovic - limited abilities. As the Plantiff believes, he is being taken advantage of by the Defendants. Because of his inability to understand a foreign language and because of some of the comments made by administrative staff, that he is a Muslim.

Stateing the previous case, the fact that the Iowas' Department of Corrections issued an identification card marked 'non-english speaking - needs interpreter', and the fact that an interpreter was appointed multiple times at the hospital, the defendants are clearly aware of Mr. Cejvanovics' inability to understand english clearly and his inability to investigate on his own behalf for something as complicated as a legal issue.

And so the Plantiff Mr. Cejvanovic would like to motion the court for a time extention beyond the up coming medical follow-up indicate in said previous medical referral.

Also a motion for appointment of counsel for the above reasons.

Mr. Cejvanovic would ask the court to allow this case to ▓▓ trial, with respect. X  Husein Egan

Husein Cesvanovic #1126555
Po Box 316
Ft. Madison, IA. 52627

QUAD CITIES HC R&B5
IL 612 1 T
19 APR 2017 PM



X-RAYED & CLEARED BY U.S.M.

Clerk of U.S. District Court
U.S. Courthouse
P.O. Box 9344
Des Moines, IA. 50306-9344

Legal MAIL.

INSPECTED-HU1-A

NOTICE: This correspondence was ... of the
Iowa Department of Corrections