# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF IOWA (CENTRAL)

HUSEIN CEJVANOVIC

Plaintiff

V.

NICK LUDWICK et als
Defendants

CASE NO. 4:16-cv-00518-SMR-CFB

Report to Court regarding visitation of Plaintiff at the Iowa State Penitentiary

---

Now comes James P. Moriarty, Esq., and reports to the Court as follows:

A. In accordance with the Court's Order dated August 17, 2017 herein (Doument #22) The Undersigned has sent detailed letters, interpreted to Bosnian, to the Plaintiff to discuss the case in preparation for a meeting. The Undersigned has also discussed issues regarding the linguistic, cultural, educational and health limitations, both physical and mental, of the Plaintiff with correctional and medical staff at the Iowa State Penitentiary. He has also discussed these with the interpreter, who has had prior professional contact with the Plaintiff on unrelated legal matters. He has also conferred with Mr. Severino as directed by the Court in said order.

B. On August 25, 2017, the Plaintiff was contacted the Undersigned by telephone on a secure telephone line from the ISP while the Undersigned was driving. The undersigned attempted to initiate a discussion of the basic issues raised in the letter, and to explain that the Court had directed the undersigned to assess the possibilities of a telephone or video conference between the Plaintiff, the interpreter, and the Undersigned.

C. It did not go well.

D. Despite what the Undersigned feels was full due diligence on his part to patiently explain to the Plaintiff, orally and in writing, the advantages and benefits to participate in a conference with the plaintiff using remote technology, the Plaintiff was repeatedly quite insistent he did not understand the matters addressed in the letters

and quite adamant that he needed an in person meeting with the Undersigned and an interpreter at the ISP.

   E. It is clear to the undersigned that the arguments regarding efficiency and economies of time and expense to the judicial system that are available with remote communication technology are not particularly important or persuasive to the Plaintiff.

   F. As the case is a flat pro bono fee, there will be no additional expense to the Court for time involved in traveling for the Undersigned from Cedar Rapids to the ISP. If the Court should not allow mileage for the undersigned, the Undersigned will still be willing to travel to the ISP.

   G. The interpreter feels that she can attend the meeting within the budget that the Court has approved for her.

   H. It remains the professional opinion of Counsel that the Plaintiff does not have sufficient command and comprehension of spoken or written English to be able to participate in any meaningful way in the review and presentation of the case without the assistance of an interpreter; that the matters are of a complexity that the Plaintiff cannot adequately comprehend even translated documents and correspondence; and that he is either unable or unwilling to comprehend or participate in anything other than an in person interview.

 *WHEREFORE*, the Undersigned advises the Court that it is his intent to confer in person at the ISP with the Plaintiff and the interpreter forthwith.

 Respectfully submitted,

Dated August 25, 2017

*James P. Moriarty, Esq*

James P. Moriarty, Esquire
James P. Moriarty, PC
ICIS Reg. # AT0005463
Attorney for Plaintiff
Armstrong Centre 222 3rd Ave. SE Ste. 265
Cedar Rapids, IA 52401-1541
(319) 366-2307
e-mail jpmoriarty@dybb.com

FILED CM/ECF 8/25/2017