IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| HUSEIN CEJVANOVIC, | ) | |
| | ) | NO. 4:16-CV-00518-SMR-CFB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING |
| NICK LUDWICK, et al, | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On September 26, 2016, Plaintiff Husein Cejvanovic filed a pro se 42 U.S.C. § 1983 petition. At that time, Plaintiff was housed at the Iowa State Penitentiary. Plaintiff alleges the Defendants, staff at the Iowa State Penitentiary, have denied him proper medical care after he was injured by another inmate.

Defendants contend the undisputed facts show that they were not deliberately indifferent to Plaintiff's medical needs. They seek summary judgment. ECF No. 11. After the motion for summary judgment was filed, Plaintiff requested appointment of counsel. ECF No. 12. The Court granted the request and extended the time to respond to the motion for summary judgment. ECF Nos. 13, 20. On September 26, 2017, counsel for Plaintiff filed a report stating that he had reviewed the case and found no basis to resist the motion for summary judgment. Plaintiff filed a pro se response in Bosnian. ECF No. 25. Counsel reviewed the pro se response and stated it did not change his position that there was no basis to resist the motion for summary judgment. ECF No. 26.

The Motion for Summary Judgment is now fully submitted and ready for ruling.

I. BACKGROUND

Plaintiff's Complaint alleges that in December 2015 another inmate attacked him, injuring his right hip. He alleges the prison has failed to adequately treat the injury to that hip. Complaint, ECF No. 1, at 5. Defendants contend the undisputed facts in the record show they were not deliberately indifferent to Plaintiff's serious medical needs, and they are entitled to summary judgment as a matter of law.

For the following reasons, the Court grants Defendants' Motion for Summary Judgment

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Baye v. Diocese of Rapid City*, 630 F.3d 757, 759 (8th Cir. 2011).

> To show that a fact cannot be disputed, or alternatively, is genuinely disputed, a party must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party fails to support its assertion of fact properly or address the opponent's assertion of fact, the Court may, among other things, "consider the fact undisputed" or "grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

The quantum of proof that the nonmovant must produce is not precisely measurable, but it must be enough evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("opponent must do more than simply show that there is some metaphysical doubt as to the material facts"); *Williams v. City of Carl Junction, Mo.*, 480 F.3d 871, 873 (8th Cir. 2007) (internal quotations omitted) ("nonmoving party must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial").

On a motion for summary judgment, the Court views all the facts in the light most favorable to the nonmoving party, and it gives that party the benefit of all reasonable inferences that can be drawn from the facts. *Williams,* 480 F.3d at 873 ("court must view the evidence 'in the light most favorable to the nonmoving party'") (citing *FDIC v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997)); *Lickteig v. Business Men's Assur. Co. of Am.*, 61 F.3d 579, 583 (8th Cir. 1995) (same). In deciding whether summary judgment is warranted, the Court must "careful[ly] look at the record, determine which facts are genuinely disputed, and then view those facts in a light most favorable to the non-moving party as long as those facts are not so blatantly contradicted by the record . . . that no reasonable jury could believe [them]." *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 1995) (alterations in original).

With these standards in mind, the Court considers the evidence submitted by the parties in support and in resistance to the Motions for Summary Judgment.

### III. DISCUSSION

The facts regarding Plaintiff's medical care are not substantially in dispute. All parties agree that Plaintiff was injured on December 9, 2015. Plaintiff's pro se complaint claims the Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Counsel for Plaintiff reports he has failed to find facts supporting that claim. ECF No. 24. Plaintiff argues, not that the Defendants refused to provide any medical care, but that they have failed to completely resolve his medical issues. Plaintiff does not dispute that he was treated immediately after his injury, and that he was referred to the University of Iowa Hospitals and Clinics (UIHC) for evaluation and surgery. Counsel for Plaintiff has failed to find facts supporting any Eighth Amendment claim of deliberate indifference to a serious medical need.

Defendants contend there is no evidence they were deliberately indifferent to Plaintiff's serious medical needs, and that they consistently and appropriately responded to Plaintiff's medical complaints. They provide an affidavit from Dr. Stephen Sparks which states that Plaintiff was injured on December 9, 2015. ECF No. 11-3, at 54. At that time, Plaintiff was given pain medication and ordered to bed rest pending an x-ray of the impacted area. *Id.* The next day, Plaintiff was referred to the UIHC, where it was determined his right hip was fractured. *Id*. On December 11, 2015, surgery was performed, including placement of a plate and screws to secure the injured hip. *Id.* Several days later, Plaintiff was released to the Iowa State Penitentiary but returned to UIHC for several follow up visits. *Id*. At those visits, medical staff noted he was doing well. *Id*. No problems were noted. *Id*. Sparks's affidavit states that Plaintiff has been provided consistent and appropriate care for his hip injury. *Id*.

"To establish a claim of deliberate indifference to serious medical needs under § 1983, [a plaintiff] must demonstrate that he suffered from an objectively serious medical need and that [the

defendants] actually knew of but deliberately disregarded the need." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that inmate must demonstrate that prison officials knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) (further citations omitted)). Unless there is deliberate indifference to a serious medical need, "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted).

All parties concede Plaintiff suffered from a serious medical need. In order to establish a violation of his Eighth Amendment rights, however, Plaintiff must show the Defendants acted in deliberate indifference to those medical needs. This "is an extremely high standard that requires a mental state of more...than gross negligence." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (internal citations omitted). "It requires a mental state 'akin to criminal recklessness.'" *Id.*

A doctor's deliberate indifference may be shown by actions that "deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoners' serious medical needs." *Carnahan*, 132 F.3d 1234. When an inmate is complaining about a delay in treatment, the objective seriousness of the medical need is measured by the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016)

(citing *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). To prove the effect, "the inmate must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Jackson*, 815 F.3d at 1119-20 (quotation marks and citations omitted); *see id.* at 1120 & n.5 (rejecting argument that there is no need for verifying evidence if the need for medical attention was obvious to a layperson but noting the court was not addressing whether a viable claim could be based on allegation that the person suffered great pain as a result of the delay).

The evidence in the record is that during the relevant time frame, Plaintiff was seen and evaluated on a consistent basis by medical staff at the Iowa State Penitentiary and by health professionals at the University of Iowa Hospitals and Clinics. Defendants have submitted the affidavit of Dr. Stephen Sparks in support of the Motion for Summary Judgment. ECF No. 11-3. Sparks's affidavit outlines in detail the medical care given to Plaintiff beginning on December 9, 2015.

Plaintiff has presented no evidence that there was any delay in remedying his medical problems and has placed no verifying medical evidence in the record establishing the detrimental effect of any alleged delay in medical treatment. *See*, *Jackson*, 815 F.3d at 1119-20. "In the face of medical records indicating that the treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not believe she received adequate treatment." *Carnahan*, 132 F.3d at 1240. Defendant Sparks has submitted his affidavit establishing that he and other medical providers responded to Plaintiff's medical complaints by evaluating him and providing treatment. There is no evidence in the record that he or any other medical provider or prison staff provided substandard care, and no evidence that the Defendants ever acted in deliberate disregard of a serious medical need. Based on this record,

no reasonable juror could find that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Defendants' Motion for Summary Judgment is therefore granted.

## IV. SUMMARY

Defendants' Motion for Summary Judgment [ECF No.11] is **granted**. Plaintiff Husein Cejvanovic's Complaint is **dismissed with prejudice.**

IT IS SO ORDERED.

Dated this _16th__ day of January, 2018.

_____
STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE